UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Arlene Machuca, et al., | Case No. 2:24-cv-01065-CDS-EJY |
| Plaintiffs | **Order Denying Plaintiffs' Motion for Default Judgment** |
| v. | |
| Justin Dimitri Knight, | [ECF No. 50] |
| Defendant | |

Plaintiffs Arlene Machuca and Alexander Machuca bring this negligence and assault and battery case against defendant Justin Dimitri Knight.[1] Compl., ECF No. 1-3 (sealed). Knight was served with the summons and complaint through publication in the Nevada Legal News[2] but failed to answer or otherwise respond. ECF No. 36. Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default against Knight on October 23, 2025. Default, ECF No. 38. The plaintiffs now seek the entry of default judgment. Mot., ECF No. 50.

The Ninth Circuit looks to seven factors in determining whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool* 782 F.2d 1470, 1472 (9th Cir. 1986). In applying the *Eitel* factors, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Allegations of damages must be proven. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

---

[1] The Clark County School District was dismissed from this action on December 12, 2025. ECF No. 47.
[2] The announcement was published on November 12, 18, and 25, 2025; and December 2 and 9, 2025. ECF No. 36.

Although the plaintiffs have provided some proof to support the proposed damages, they do not include any citation to law or a discussion of the *Eitel* factors, which is sufficient cause to deny the motion.[3] *See, e.g., Frenchans LLC v. Vestige LLC*, 2023 U.S. Dist. LEXIS 103810, at *5 (D. Ariz. Jan. 25, 2023) (denying motion for default judgment without prejudice because plaintiff failed to address the *Eitel* factors); *see also Branstetter v. Lorenzo*, 2022 WL 1037198, at *3 (D. Haw. Mar. 14, 2022) (recommendation that plaintiff's motion be denied without prejudice because it failed to cite the *Eitel* factors nor offer any argument as to why those factors justify default judgment).

IT IS HEREBY ORDERED that the plaintiffs' motion for entry of default judgment **[ECF No. 50] is DENIED without prejudice**. A renewed motion must be filed by March 16, 2026.

Dated:  March 2, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] *See also* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

2